# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| COLENE L. STRONG ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ATCHISON HOSPITAL ) | |
| ASSOCIATION and JANET ) | Case No.: |
| RAWSON ENZBRENNER ) | |
| ) | *JURY TRIAL DEMANDED* |
| Defendants. ) | |
| ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

For her Complaint against Defendants Atchison Hospital Association and Janet Rawson Enzbrenner, Plaintiff Colene L. Strong alleges as follows:

### NATURE OF CASE

Plaintiff was taken to Atchison Hospital after suffering a violent sexual assault. In the course of her evaluation and treatment, Plaintiff entrusted the hospital with detailed information about the assault, including information about the identity of her assailant. Instead of hewing to its legal and ethical duty to act in the patient's best interest, the hospital betrayed Plaintiff's trust by divulging

Page **1** of **17**

intimate details about her evaluation and treatment to none other than Plaintiff's assailant. Defendants' breach of trust and invasion of privacy unleashed a barrage of harassment from the assailant and hospital staff. The harassment escalated to violence when, approximately six months later, Plaintiff was sexually assaulted by the same man a second time.

## FACTS COMMON TO ALL CAUSES

### PARTIES, JURISDICTION AND VENUE

1) Plaintiff, Colene L. Strong ("Plaintiff"), is a citizen of the State of Missouri and is domiciled in Rushville, Missouri.

2) Defendant Atchison Hospital Association ("Atchison Hospital") is a citizen of the State of Kansas.

3) Atchison Hospital is a privately owned Kansas nonprofit corporation with its principal place of business at 800 Raven Hill Drive, Atchison, Kansas.

4) Atchison Hospital may be served with process through its registered agent, SpenServ, Inc., at 9401 Indian Creek Pkwy., Ste. 700, Overland Park, Kansas 66210.

5) Defendant Janet Rawson Enzbrenner ("Enzbrenner") is a citizen of the State of Kansas and is domiciled in Atchison, Kansas. Enzbrenner may be served with process at 12210 Sedgwick Ct., Atchison, Kansas 66002.

6) Diversity jurisdiction is proper pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum of $75,000 and is between citizens of different States.

7) Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendants reside in this judicial district and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

## PLAINTIFF'S EVALUATION AND TREATMENT AT ATCHISON HOSPITAL

8) Plaintiff was sexually assaulted the night of May 26, 2017.

9) Soon after the assault Plaintiff was seen as a patient at Atchison Hospital, where hospital staff evaluated her and administered a rape-kit examination to collect medical and forensic evidence.

10) In the course of her evaluation and treatment at Atchison Hospital, Plaintiff identified her assailant to hospital staff. Concerned about her privacy, safety and dignity, Plaintiff was adamant that no information concerning her evaluation and treatment, or the identity of her assailant, be disclosed to third parties.

11) The individually identifiable health information collected in the course of Plaintiff's evaluation and treatment at Atchison Hospital was entered in Plaintiff's electronic and/or paper medical record and was kept in an unsecured location, or stored in an unsecured automated system, at Atchison Hospital.

12) The individually identifiable health information collected in the course of Plaintiff's evaluation and treatment at Atchison Hospital is information of a kind that is afforded protection under the Health Insurance Portability and Accountability Act (HIPAA) and privacy rules and regulations promulgated by the United States Department of Health and Human Services (HHS).

13) As a covered entity, Atchison Hospital is subject to the HIPAA and HHS rules, regulations, and standards governing patient privacy protection. These rules, regulations, and standards establish the national standard for protection of patient medical records and other confidential and private health information.

### The Privacy Violation

14) During or soon after Plaintiff's evaluation and treatment at Atchison Hospital, Enzbrenner, an x-ray technician employed by the hospital, gained access to Plaintiff's individually identifiable health information, including information relating to Plaintiff's sexual assault and the identity of her assailant.

15) After accessing Plaintiff's individually identifiable health information, Enzbrenner contacted Plaintiff's assailant and advised the man that Plaintiff had accused him of sexual assault. Enzbrenner disclosed other private information relating to Plaintiff's evaluation and treatment at Atchison Hospital as well.

16) The individually identifiable health information Enzbrenner communicated to Plaintiff's assailant included intimate facts relating to Plaintiff's private life that

were not at that time known in the community, contained in a public record, or otherwise available to the public.

17) Plaintiff did not consent to release or disclosure of any information relating to her evaluation and treatment at Atchison Hospital, the sexual assault that brought her to the hospital, or the identity of her assailant.

18) Enzbrenner accessed and disclosed Plaintiff's individually identifiable health information while acting within the scope of her employment or while performing acts incidental to her employment at Atchison Hospital.

19) As an Atchison Hospital x-ray technician, Enzbrenner was authorized to access and review patient records and to communicate confidential and private health information to patients and third parties.

20) Enzbrenner's actions in connection with Plaintiff's confidential and private health information were of the same general nature and character as those she was authorized to perform in the course of her employment as an x-ray technician at Atchison Hospital.

21) Enzbrenner's position as an employee of Atchison Hospital provided her with the opportunity and means to divulge confidential and private health information to unauthorized third parties.

22) Plaintiff belongs to the general category of individuals to whom Defendants owed a duty of confidentiality and privacy protection.

23) On information and belief, members of Atchison Hospital's medical and/or management staff had actual knowledge of, or were willfully blind to, the facts surrounding Enzbrenner's disclosure of Plaintiff's confidential and private health information soon after the incident occurred.

24) The degree of severity of Enzbrenner's privacy breach warranted immediate investigation and corrective action to mitigate the foreseeable risk of imminent harm resulting from the breach.

25) No meaningful corrective action was taken by Atchison Hospital to address Enzbrenner's privacy breach or to mitigate the injurious consequences of the breach until after Plaintiff met with Atchison Hospital in late September 2017, nearly four months after the breach occurred.

26) After the September 2017 meeting, Atchison Hospital managerial staff conducted an investigation, interviewed several employees, and finally terminated Enzbrenner's employment at the hospital.

27) Not long after her employment at Atchison Hospital was terminated, Enzbrenner was hired to work as an x-ray technician at Saint Luke's Cushing Hospital in Leavenworth County, Kansas.

28) On information and belief, Atchison Hospital gave assistance to Enzbrenner in obtaining new employment by providing a positive reference and/or by

neglecting to communicate facts or providing misleading facts relating to Enzbrenner's conduct while employed by Atchison Hospital.

29) As of November 2017, Atchison Hospital had not implemented adequate policies and procedures, education and training, or administrative and physical safeguards to protect patients against intentional or unintentional disclosure of their confidential and private health information.

30) On or about November 2, 2017, Atchison Hospital's chief executive officer sent a letter to Plaintiff expressing deep regret and apologizing for the hospital's privacy breach. A copy of the letter is attached to this pleading as Exhibit "A".

31) Under HIPAA, Atchison Hospital was required to provide without unreasonable delay individual notice to Plaintiff of any impermissible use or disclosure of her protected health information. Such notice was to include a brief description of the breach; a description of the type of information involved in the breach; steps taken by the hospital to protect Plaintiff from potential harm; and a brief description of what was being done to investigate the breach, mitigate the harm, and prevent future breaches.

32) Under HIPAA, Atchison Hospital was required to provide notice to the secretary of HHS of the impermissible disclosure of Plaintiff's protected health information.

## THE CONSEQUENCES OF DEFENDANTS' PRIVACY VIOLATION

33) After obtaining Plaintiff's confidential and private health information from Enzbrenner, Plaintiff's assailant relentlessly harassed Plaintiff through text messages, social media, and phone calls. Such communications were highly threatening and contained graphic language and pornographic content. The assailant also stalked Plaintiff in public and at her home.

34) In coordination with Plaintiff's assailant, Enzbrenner intruded upon Plaintiff's solitude by repeatedly hounding and harassing Plaintiff by phone and text. Enzbrenner also denied that she had disclosed information relating to Plaintiff's evaluation and treatment at Atchison Hospital. These communications occurred while Enzbrenner was employed by Atchison Hospital.

35) On or about November 4, 2017, soon after Enzbrenner's employment at Atchison Hospital had been terminated, Plaintiff's assailant sexually assaulted Plaintiff a second time.

36) Plaintiff has been exposed to public disgrace and humiliation in the community as a direct and foreseeable consequence of Defendants' wrongful disclosure of her confidential and private health information.

37) Plaintiff has suffered, and will continue to suffer, economic and noneconomic injury as a direct and foreseeable consequence of Defendants' wrongful disclosure of her confidential and private health information, including extreme mental and

emotional distress, shame, humiliation, expense associated with medical and psychiatric treatment, lost income, pain and suffering, loss of enjoyment, and reputational injury.

## CAUSES OF ACTION

### COUNT I: Invasion of Privacy

38) Plaintiff incorporates by this reference the preceding paragraphs of this pleading.

39) Plaintiff had a privacy interest in, and the right to control, the confidential and private health information collected in the course of her evaluation and treatment at Atchison Hospital; and Atchison Hospital had a corresponding legal and ethical duty to protect that information from unauthorized disclosure in any form.

40) Enzbrenner, while acting within the scope of her employment or while performing acts incidental to her employment, wrongfully disclosed confidential and private health information relating to Plaintiff's sexual assault to the man alleged to have perpetrated the assault.

41) Defendants knew or should have known that disclosure of individually identifiable, confidential, and private health information about Plaintiff's sexual assault to the man alleged to have perpetrated the assault would be highly offensive and would present an unwarranted risk of grave physical and/or emotional harm to Plaintiff.

42) The disclosure of Plaintiff's confidential and private health information was a willful, intentional, wanton, or malicious act done in blatant disregard for Plaintiff's privacy, safety, dignity and welfare.

43) Plaintiff did not consent to or authorize disclosure of her private health information, and neither Defendant can assert a privilege or justification for disclosure of such information.

44) Atchison Hospital either expressly or impliedly ratified the wrongful disclosure of Plaintiff's protected health information by, among other things, failing to investigate, repudiate, or take corrective action to address the wrongful conduct in a timely manner and/or by assisting Enzbrenner in obtaining new employment by providing a positive recommendation or failing to disclose facts relating to her wrongful conduct while she was employed at Atchison Hospital.

45) Plaintiff has suffered and will continue to suffer economic and noneconomic injuries as a direct and foreseeable consequence of Defendants' breach of Plaintiff's privacy.

### COUNT II: Breach of Fiduciary Duty

46) Plaintiff incorporates by this reference the preceding paragraphs of this pleading.

47) After experiencing the extreme trauma of a violent sexual assault, Plaintiff came to Atchison Hospital in a compromised position; and in seeking evaluation and treatment at the hospital, Plaintiff reposed special confidence and trust in hospital

staff to perform their professional duties with fidelity and due regard for her privacy, safety, dignity and welfare.

48) As a fiduciaries, Defendants were obliged to remain loyal to Plaintiff's interests, to discharge their professional duties with care, and to refrain from misusing or disclosing confidential and private information they received in connection with Plaintiff's evaluation and treatment at Atchison Hospital.

49) Defendants breached their fiduciary duty to Plaintiff by disclosing highly intimate, confidential and private information concerning her sexual assault to the man alleged to have perpetrated the assault.

50) Plaintiff has suffered and will continue to suffer economic and noneconomic injuries as a direct and foreseeable consequence of Defendants' fiduciary breach.

## COUNT III: Negligence

51) Plaintiff incorporates by this reference the preceding paragraphs of this pleading.

52) Atchison Hospital has an affirmative duty to maintain adequate standards and protocols for the protection of patient confidentiality and privacy including without limitation standards and protocols for staff training and education; HIPPA compliance, reporting and accountability; and data management, collection, use and disclosure limitations.

53) During the period in question, Atchison Hospital did not have adequate standards and protocols in place to protect patient confidentiality and privacy, particularly in connection with evaluation and treatment of sexual assault victims.

54) Atchison Hospital's failure to maintain adequate standards and protocols to protect patient confidentiality and privacy caused or contributed in causing the wrongful disclosure of Plaintiff's confidential and private health information.

55) Plaintiff has suffered and will continue to suffer economic and noneconomic losses as a direct and foreseeable consequence of Atchison Hospital's failure to maintain adequate standards and protocols to protect patient confidentiality and privacy.

56) Atchison Hospital has an affirmative duty to exercise due diligence and care in the hiring, supervision, training, and retention of its medical staff and agents.

57) Atchison Hospital knew or had reason to know that Enzbrenner's employment presented an undue risk of wrongful disclosure of Plaintiff's confidential and private health information.

58) Atchison Hospital's negligent retention, training, or supervision of Enzbrenner caused or contributed in causing the wrongful disclosure of Plaintiff's confidential and private health information.

59) Plaintiff has suffered and will continue to suffer economic and noneconomic losses as a direct and foreseeable consequence of Atchison Hospital's negligent retention, training, or supervision of Enzbrenner.

### COUNT IV: Punitive Damages

60) Plaintiff incorporates by this reference the preceding paragraphs of this pleading.

61) The tortious acts Enzbrenner committed in connection with Plaintiff's confidential and private health information were reckless, willful, wanton, or malicious and amounted to a fiduciary breach.

62) Enzbrenner's tortious acts were committed while Enzbrenner was acting within the scope of her employment, or while she was performing acts incidental to her employment, at Atchison Hospital.

63) Atchison Hospital either expressly or impliedly authorized or ratified Enzbrenner's tortious conduct by failing to investigate, repudiate, reprimand, report, or take corrective action to address Enzbrenner's tortious acts in a timely manner and/or by assisting Enzbrenner in obtaining new employment by providing a positive recommendation or by failing to disclose facts relating to her wrongful conduct while employed at Atchison Hospital.

64) Atchison Hospital was grossly negligent or reckless in employing and/or retaining Enzbrenner.

65) Atchison Hospital was grossly negligent or reckless in failing to implement or maintain adequate standards and protocols for the protection of patient confidentiality and privacy.

66) Plaintiff is entitled to the maximum award of punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, in consequence of Defendants' wrongful and injurious conduct, undertaken individually or in combination, Plaintiff is entitled to compensatory, consequential and general damages in an amount in excess of $75,000 for each separate Count alleged herein along with punitive damages and such other and further relief as the Court may deem necessary, proper, just, and equitable.

## JURY TRIAL DEMAND

Plaintiff requests a trial by jury of all causes and issues presented in this civil action.

## PLACE OF TRIAL DESIGNATION

Pursuant to D. Kan. Rule 40.2., Plaintiff designates Kansas City, Kansas, as the place of trial.

Respectfully submitted,

MORRIS, LAING, EVANS, BROCK
 & KENNEDY, CHTD.

<u>/s/ *Trevor C. Wohlford*</u>
John W. Johnson, #07684
jjohnson@morrislaing.com
Will B. Wohlford, #21773
wwohlford@morrislaing.com
300 N. Mead, Suite 200
Wichita, Kansas 67202-2745
P: (316) 262-2671
F: (316) 262-6226

Trevor C. Wohlford, #19443
twohlford@morrislaing.com
800 S.W. Jackson, Suite 1310
Topeka, Kansas 66612-1216
P: (785) 430-2012
F: (785) 232-9983
***ATTORNEYS FOR PLAINTIFF***



# ATCHISON HOSPITAL

100 Raven Hill Drive   Atchison, KS 66002   (913) 367-2131   (913) 674-2023 fax   atchisonhospital.org

November 2, 2017

**_Sent Via Fed-Ex_**

Colene L. Strong
1900 Harper Drive, Lot 17
Atchison, KS 66002

RE: *Privacy Breach – Colene Strong*

Dear Ms. Strong,

I am writing to you on behalf of Atchison Hospital. It has been brought to my attention that there was a breach of your personal health information.

We value and respect the privacy of your health information, and we sincerely apologize for any concerns or personal difficulty this has caused or may cause you. The leadership and staff of Atchison Hospital place a high importance on actively addressing patient concerns, and this situation is no exception. This letter is intended to provide you with the details of this incident, as we understand them, and the steps we have taken to try and address the matter.

Although, it is our understanding that on May 26, 2017 you were seen as a patient in the Emergency Room here at Atchison Hospital, we first learned of this issue on September 27, 2017. As you will recall, you returned to Atchison Hospital on September 27, 2017 and spoke with a social worker regarding a concern that your health information had been accessed and that information regarding your encounter on May 26, 2017 had been disclosed by an employee of Atchison Hospital to outside individuals.

That day, our privacy officer, the social worker, as well as the hospital risk manager met with you to listen to and understand your complaint. At that meeting, a plan was developed with your input to attempt to address your concerns. Given your concerns, as well our concerns for your health and well-being, we provided information to immediately help you to speak independently with a counselor at a local crisis center. We also provided you with our assurances that the Health Information Department would take additional steps to try and limit access to your health information.

During that meeting, you also shared with us that you were receiving text messages and phone calls from the employee at issue regarding this incident. At that point in time, you gave us verbal permission to take a screen shot of your phone with those messages, so that we could further investigate the matter. We informed you that we would make sure that this employee ceased all contact with you. On initial investigation, it appears that this employee, who we understand was not a member of your immediate health care team, did access some of your health information and apparently did disclose it to another individual without your permission. We sincerely and deeply regret that this occurred.

Atchison
provides excellent

November 2, 2017
Page 2

    Once we learned of this incident and your concerns, the hospital immediately took action. First, we began a prompt and thorough investigation of this matter by conducting an interview with the employee as well as, interviewing several other employees to determine how this unfortunate incident occurred. Based upon our investigation, it appears that the employee did not access your electronic medical record at Atchison Hospital. Rather, she viewed some of your health information when she was present in the Health Information Department. We understand that the information potentially accessed by the employee includes a completed chart form waiting to be scanned into the electronic record. However, we do not believe that it involved any financial information

    We also have taken steps to try and protect against any future or further breaches of this nature. First, immediately after the conclusion of our investigation into the matter, the Hospital terminated the employment of the individual involved, as part of our existing organizational processes and practice. We have further evaluated our existing security and privacy policies that were in place for our staff to ensure that these policies and procedures continue to reflect current best practices. In addition, the Hospital required additional education for its staff and has re-emphasized the importance and necessity of protecting patient health information. We have further implemented various upgrades to our existing policies and procedures to address access to patient information. Although we deeply regret that this incident occurred, we are confident that our investigative process and remedial steps will help to minimize the risk that this type of incident may occur in the future.

    We remain committed to providing safe and quality patient care. This commitment includes protecting the personal health information of our patients. We again apologize for any concern or difficulty this incident has caused you. Should you have further questions, please do not hesitate to call me. You can reach me at the following address and phone number:

    800 Raven Hill Drive
    Atchison, KS 66002
    Phone 913-367-2131

    Again, we sincerely regret that this situation occurred.

Sincerely,

*John Jacobson*
John Jacobson
CEO, Atchison Hospital